UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARY K. CHIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIGOBERTO GODINEZ, JR., an individual; RIGOBERTO F. GODINEZ, an individual; and DOES 1 through IV, inclusive,<br><br>　　　　　Defendants. | Case No.  5:14-cv-00912 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

　　　　Defendant Rigoberto F. Godinez removed this unlawful detainer action from the Santa Clara County Superior Court (South County Facility).  For the reasons stated below, the undersigned recommends that this matter be remanded.

　　　　Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Godinez fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Defendant contends that plaintiff has artfully pled its unlawful detainer claim to avoid stating a federal claim for relief under the Protecting Tenants at Foreclosure Act of 2009 (PTFA). "[U]nder the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. Id. The artful pleading rule is, however, limited in scope "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, "the 'mere need to apply federal law in a state-law claim' does not 'suffice to open the arising under door' to federal jurisdiction." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

As discussed above, plaintiff's unlawful detainer claim is one of state law and nothing

about it is federal in nature. And, there is no basis for complete preemption here. "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." Arco Environmental Remediation, LLC, 213 F.3d at 1114. "Complete preemption, however, arises only in 'extraordinary' situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal question claims." Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 862 (9th Cir.2003) (citations omitted). Thus far, the Supreme Court has identified only three federal statutes that completely preempt state law claims. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-7, 123 S. Ct. 2058, 156 L.Ed.2d 1 (2003). The PTFA is not one of them.

Nor is there a substantial federal question that would give rise to jurisdiction. Defendant suggests that plaintiff cannot state a "prima facie case" for unlawful detainer without complying with the PTFA. (Dkt. No. 1, Notice of Removal at 4). However, courts have held that the PTFA's "90-day notice requirement is not an element of the unlawful detainer action. Instead, it is a defense that may defeat an unlawful detainer action." Wells Fargo Bank v. Lapeen, No. C11-01932 LB, 2011 WL 2194117 at *4-5 (N.D. Cal., June 6, 2011) (citations omitted). As discussed above, a federal defense does not give rise to federal question jurisdiction.

Although defendant does not assert diversity jurisdiction under 28 U.S.C. § 1332, the undersigned finds that there is no basis for it in any event. The complaint was filed as one for "Limited Civil Jurisdiction," meaning that the amount in controversy is $25,000 or less.[1] And, the record presented indicates that defendants are California citizens. (See Dkt. 1-1, Section III). An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the

---

[1] See Santa Clara County Superior Court website, http://scscourt.org.

3

1  removal of this case was improper.  Defendants are advised that future attempts to remove this
2  matter may result in sanctions.
3        Because the parties have yet to consent to the undersigned's jurisdiction, this court
4  ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further
5  RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County
6  Superior Court (South County Facility).  Any party may serve and file objections to this Report
7  and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.
8        **SO ORDERED**.
9  Dated:   March 7, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:12-cv-05166-HRL Notice sent by U.S. Mail to:

Todd Rothbard, Attorney at Law
100 Saratoga Avenue #200
Santa Clara, CA 95051

    Counsel for Plaintiff

Rigoberto F. Godinez
17725 Holiday Drive
Morgan Hill, CA 95037

    Pro Se Defendant

5